IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

5:20mj1143

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR COMPLAINT AND AN ARREST WARRANT

1. I, Timothy E. Edquist, also referred to hereafter as "Affiant," being first duly sworn according to law, hereby depose and state:

### INTRODUCTION AND AGENT BACKGROUND

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so since May 2013. As part of my duties as a FBI Special Agent, I am a assigned to the FBI's Greater Akron Area Safe Streets Task Force and I investigate various federal violations and crimes including, but not limited to, conspiracies involving drug-trafficking organizations (DTO) and their methods to distribute, manufacture, dispense, and/or transport controlled substances, as well as other instrumentalities of drug trafficking in violation of federal law. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses, and well as other violent crimes matters and various violations of Federal firearm laws, including subjects prohibited from possessions weapons and/or ammunition.  I know based upon training and experience in previous drug investigations, that drug traffickers often use any means available to them to either transport narcotics or engage in other associated criminal conduct, including the utilization of rental vehicles as well as stolen vehicles. I know that drug traffickers often employ, command, direct, force, coerce, and/or entice, by other various means, both witting and unwitting associates to hold, carry, secure, and/or transport narcotics on their behalf. Additionally, I know that drug traffickers and other members of DTOs often carry firearms and

other weapons for personal protection, due to the inherent risks involving in trafficking of narcotics.

3. I am submitting this affidavit in support of an Application for an Arrest Warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3052, authorizing the arrest of **BRANDON DONTAE HIBLER**, date of birth: 05/14/1986.

4. Because this affidavit is submitted for the limited purpose of supporting a Criminal Complaint and Arrest Warrant, I have not included each and every fact known concerning this investigation. I have set forth only the facts I believe necessary to establish probable cause that **BRANDON DONTAE HIBLER** has committed violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), that is, possession with intent to distribute heroin, a schedule I controlled substance.

5. I am familiar with the facts of the case either as the result of direct personal participation in the investigation or from verbal or written reports provided to me by law enforcement officers who have participated in the investigation. In that regard, unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided to me by a law enforcement officer, or a witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports your I have read and reviewed. Such statements are set forth in this affidavit in substance or in pertinent part unless otherwise indicated. Furthermore, since this affidavit is being submitted for the limited purpose of securing a Criminal Complaint and Arrest Warrant, I have not included the details of every aspect of the investigation.

6. Based upon the investigation to date, I assert probable cause exists to believe that on or about April 26, 2020, in the Northern District of Ohio, **BRANDON DONTAE HIBLER**

did commit a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), that is, possession with intent to distribute heroin, a schedule I controlled substance.

## BACKGROUND OF THE INVESTIGATION

1. On Sunday, April 26, 2020, at approximately 3:00 a.m., a uniformed Officer from the Peninsula Police Department (PPD), of Peninsula, Ohio, was conducting a routine patrol of the parking lot area located near the Ledges Shelter in the Cuyahoga Valley National Park (CVNP), when the Officer observed a parked vehicle in the parking lot adjacent to the Ledges Road, off of Truxell Road. As a result of the area being closed during nighttime hours, between dusk and dawn, the Officer investigated the parked vehicle, a Jeep Commander, green in color, bearing Ohio registration: GUD9661.Upon querying the vehicle's registration in a law enforcement data system, the PPD Officer determined the vehicle was reported stolen. Additional uniformed officers from Richfield Police Department (RPD) arrived to assist PPD. The responding PPD and RPD Officers approached the vehicle and discovered **BRANDON DONTAE HIBLER** and an adult female sleeping in the rear seating area of the vehicle. **BRANDON DONTAE HIBLER** and the adult female were removed from the vehicle, separated, and detained while the Officers conducted a logical vehicle theft investigation.

2. Shortly thereafter, Park Ranger Gregory McKisson from the National Park Service (NPS) of the United States Department of the Interior, responded and assisted with the investigation. The NPS manages areas of the CVNP, and NPS Park Rangers have investigative jurisdiction of the National Park, which is a Federal property located within the Northern District of Ohio.

3. NPS Park Ranger McKisson conducted an inventory search of the stolen vehicle and collected numerous personal drug use and drug trafficking related items and contraband.

The items included, but were not limited to, a fake Florida Driver's License with **BRANDON DONTAE HIBLER's** photograph**,** multiple debit cards with various names, another Ohio resident's Driver's License, at least three cellular telephones, two laptop computers, a digital camera, at least four digital scales (some covered with white powder residue), lighter, including a butane torch lighter, numerous new and used hypodermic syringe needles, multiple heavy duty elastic or rubber bands, at least one Narcan brand Naloxone spray cartridge, a folding pocket knife, at least one razor blade, multiple Fentanyl test strips, multiple empty green translucent small plastic baggies, and a loaded Charter Arms .44 caliber revolver pistol. The revolver was initially found underneath the passenger side front seat of the vehicle, which was accessible and within reach of the rear seated occupants, including **BRANDON DONTAE HIBLER**.

4. When PPD and RPD Officers and/or NPS Park Rangers inquired about **BRANDON DONTAE HIBLER's** identity, he initially misrepresented and continued to misrepresent and/or withhold his identity to investigators.

5. On or near **BRANDON DONTAE HIBLER**'s person, Park Ranger McKisson discovered a tied clear plastic bag containing several additional smaller clear plastic baggies inside, of which as least two contained a fine white powder and a fine off-white powder. The plastic baggie fell from **BRANDON DONTAE HIBLER**'s waistband area of his shorts when he was being searched by Park Ranger McKisson incident to arrest.

6. NPS Park Rangers transported **BRANDON DONTAE HIBLER** from the scene to PPD prior to transporting him to Cuyahoga County Jail, in Cleveland, Ohio, to have his fingerprints analyzed to determine and verify identity. When **BRANDON DONTAE HIBLER**'s identity could not be determined by staff at the CCJ, NPS Park Rangers then transported **BRANDON DONTAE HIBLER** back to PPD, briefly, before transporting him to a Metro

Health medical facility near Brecksville, Ohio, for a health evaluation. NPS Park Rangers then transported **BRANDON DONTAE HIBLER** to the Summit County Jail, in Akron, Ohio, to again attempt to determine identity from staff at that facility. While in route, NPS Park Rangers, with **BRANDON DONTAE HIBLER** in their custody, instead met me in the parking lot of a commercial business in Stow, Ohio, where I utilized an FBI issued Mobile Biometric Application to immediately determine and confirm **BRANDON DONTAE HIBLER's** identity via his fingerprints.

7. After being advised of his Miranda Rights, which he waived, **BRANDON DONTAE HIBLER** agreed to freely speak with investigators from the Summit County Sheriff's Office (SCSO), the NPS, and/or the FBI without an attorney present.

8. **BRANDON DONTAE HIBLER** stated that he initially misrepresented his identity to Officers because he believed he had an existing warrant, possibly from California. **BRANDON DONTAE HIBLER** stated that he was from California, originally, but has been living in a various hotels or motels in the Canton, Ohio, area over the last two months. **BRANDON DONTAE HIBLER** stated that he is a member of the Bloods street gang and that he has been involved in criminal activity in the past. **BRANDON DONTAE HIBLER** stated that he was previously on probation in California, but he believed he was finished with all supervision requirements by the time he departed California for Ohio approximately two months ago. **BRANDON DONTAE HIBLER** told investigators that he sells heroin to make money, and that he uses cocaine and marijuana, recreationally.

9. When asked about the suspected narcotics, specifically the various substances inside of the tied clear plastic bag which contained several additional smaller clear plastic baggies inside, that fell from the waistband of his shorts, **BRANDON DONTAE HIBLER** told

5

investigators that the fine white powder substance inside one of the clear plastic baggies was cocaine, and that the other fine off-white, or darker in color, powder substance inside of another clear plastic baggie, was heroin.

10.    When asked about the various drug use paraphernalia, the narcotics trafficking tools and instruments, as well as the loaded firearm, all found inside of the stolen vehicle that he was discovered sleeping in by law enforcement officers, **BRANDON DONTAE HIBLER** denied that any of the other the items were his.

11.    Due to public health and safety restrictions, none of the investigators involved in this drug trafficking investigation from the SCSO, the PPD, the NPS, or the FBI, were permitted to conduct presumptive field tests of any substances suspected of containing heroin, fentanyl, carfentanil, and/or any other suspected synthetic opioids.  Therefore, no presumptive field tests were conducted on any of the suspected drug substances found on **BRANDON DONTAE HIBLER's** person.

12.    A review of **BRANDON DONTAE HIBLER's** criminal history shows the following convictions:

   a. Theft - Misdemeanor (December 2005)

   b. Petty Theft w/ Prior - Misdemeanor (April 2015)

   c. Occupant CCW in Vehicle - Felony (November 2008)

   d. False Imprisonment – Felony (August 2009)

   e. Obstruct/Resist Executive Officer – Felony (June 2012)

13.    Based upon the foregoing, I respectfully request that a Criminal Complaint and Arrest Warrant be issued authorizing law enforcement officers to arrest **BRANDON DONTAE**

6

**HIBLER** for a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), that is, possession with intent to distribute heroin, a schedule I controlled substance.

Respectfully submitted,

*Timothy E. Edquist*

Timothy E. Edquist
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO ME THIS ___27___TH DAY OF APRIL, 2020
VIA TELEPHONE AFTER SUBMISSION BY RELIABLE ELECTRONIC
MEANS. FED. R. CRIM. P. 4.1 and 41(d)(3).

*Kathleen B. Burke*

Kathleen B. Burke, U.S. Magistrate Judge